IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ROBERT COLLIER,<br><br>            Petitioner,<br><br>      v.<br><br>SUPERIOR COURT SANTA CLARA COUNTY,<br><br>            Respondent.                    / | No. C-13-1969 TEH (PR)<br><br>ORDER OF DISMISSAL AND DENYING CERTIFICATE OF APPEALABILITY |

Petitioner Joe Robert Collier has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that his legal materials and attorney work product were seized by the Santa Clara Sheriff's Department while he was litigating pro se his motion for a new trial in the Santa Clara Superior Court. Doc. #1. Petitioner alleges that the seizure of his legal materials is a violation of his Fourth and Sixth Amendment rights. Doc. #1. Petitioner's criminal case is still pending before the Santa Clara Superior Court. Doc. #1. For the reasons set forth below, the petition for writ of habeas corpus is DISMISSED and a certificate of appealability is denied. Petitioner's application to proceed in forma pauperis is granted and his request for appointment of counsel is denied as moot. Doc. ## 2, 3.

I

On February 10, 2011, Petitioner was convicted by a jury of first degree burglary and entering with intent to commit theft. Doc. #1, Ex. 1, In re Collier, on Habeas Corpus, No. CC822808 (August 2, 2012) (In re Collier). Petitioner represented himself. On June 27, 2011, Petitioner filed a motion for a new trial, which is still pending. Doc. #1, In re Collier at 1. Petitioner has not yet been sentenced. Id.

On January 4, 2012, Petitioner filed a notice of motion to suppress evidence in the Superior Court, contending that the Santa Clara County Sheriff's Office unlawfully seized his legal materials from his cell at the county jail in violation of his Fourth Amendment rights. On January 6, 2012, an evidentiary hearing was held before a Santa Clara Superior Court judge, who ordered Petitioner's materials to be brought to his cell for twenty-four hours so that he could go through the documents and take what he needed to fit in a banker's box and return the other documents for safe-keeping. In re Collier at 2.

On February 8, 2012, Petitioner filed a petition for writ of mandate in the Court of Appeal, in which he claimed that the Superior Court erred in denying his motion to suppress. Id. On March 9, 2012, the Court of Appeal summarily denied the petition. Id. On June 25, 2012, Petitioner filed a petition for a writ of habeas corpus in the Santa Clara Superior Court. Id. The petition was denied, but was vacated. Id. Petitioner filed a new petition in the Superior Court that was assigned to a different judge. Id. In that petition, Petitioner contended that the Superior Court erred

in denying his motion to suppress.  The Superior Court noted that Petitioner was attempting "to relitigate [the Superior Court's] rulings regarding the county jail's procedures related to pro per materials."  Id.  The court explained that habeas relief was unavailable where a petitioner had a remedy provided by statute or in the ordinary course of the law.  The court ruled that habeas relief was unavailable to Petitioner on the ground that he had an available remedy because his motion for a new trial was still pending, he had not yet been sentenced and, thus, he had an available remedy at law in the trial court.  Id. at 3.

On September 18, 2012, the Court of Appeal summarily denied Petitioner's petition for writ of habeas corpus and, on February 13, 2013, the California Supreme Court summarily denied the petition.  Doc. #1, Ex. 1.  On April 30, 2013, Petitioner filed this federal petition asserting the one claim that his legal materials and attorney work product were unconstitutionally seized by the Santa Clara County Sheriff's Department.

II

Under principles of equity, comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Abstention under Younger is mandatory if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have

3

>the practical effect of doing so, i.e., would interfere with the state proceeding in a way that <u>Younger</u> disapproves.

<u>San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008).

<u>Younger</u> abstention itself involved potential interference with a state criminal case. <u>Id.</u> (citing <u>Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.</u>, 477 U.S. 619, 627 (1986)). Interference by a federal court is appropriate only upon a showing of the state's bad faith or harassment. <u>Id.</u>; <u>Younger</u>, 401 U.S. at 53-54 (statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied); <u>Carden v. Montana</u>, 626 F.2d 82, 84 (9th Cir. 1980).

<u>Younger</u> applies to Petitioner's federal petition. First, the state initiated criminal proceedings against Petitioner are ongoing. Doc. #1 at 2.

Second, Petitioner's criminal proceedings implicate important state interests. Although the issue pursued by Petitioner is collateral to his criminal charges, the Supreme Court has held that federal courts must refrain from intervening piecemeal into criminal proceedings to try collateral issues. <u>Dubinka v. Judges of Superior Court of State of Cal. for Co. of Los Angeles</u>, 23 F.3d 218, 223 (9th Cir. 1994) (citing <u>Kugler v. Helfant</u>, 421 U.S. 117, 130 (1975)).

Third, Petitioner is not barred from litigating the instant federal constitutional issues in the state proceedings and, in fact, has done so. The fact that the state courts have rejected Petitioner's claims does not demonstrate that the opportunity to

4

raise those claims in the state courts in the future is inadequate. <u>Morehead v. Ahlin</u>, 2010 WL 6419554, *7 (C.D. Cal. Dec. 22, 2010); <u>Baffert v. California Horse Racing Bd.</u>, 332 F.3d 613, 621 (9th Cir. 2003) (plaintiff's previous lack of success in a state court forum does not render <u>Younger</u> abstention inappropriate). After Petitioner is sentenced, he will have the opportunity to raise this issue on direct appeal or in state habeas proceedings. <u>See</u> <u>Morehead</u>, 2010 WL 6419554 at *7 (state court denials of habeas corpus petition has no preclusive effect).

Fourth, litigating the instant petition would necessarily require staying the state court proceedings while the issue was pending in this Court.

Finally, Petitioner has not argued or made any showing of bad faith, harassment or some other extraordinary circumstance that would make abstention inappropriate. <u>See</u> <u>Perez v. Ledesma</u>, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Accordingly, under the rationale of <u>Younger</u>, the petition is DISMISSED without prejudice to refiling after Petitioner's criminal proceedings are completed, including the presentation of all claims Petitioner wishes to present in his federal habeas petition to the California Supreme Court.

III

The instant federal habeas petition meets the requirements for abstention under Younger; therefore it is DISMISSED without prejudice. Further, a certificate of appealability will not issue because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk is directed to terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED    _05/15/2013_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Collier 13-1969 HC Dis Younger.wpd